UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

RYAN MAGANA-SCOTT,

    Plaintiff,

    v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

    Defendant.

NO.  CV-13-03088-JLQ

MEMORANDUM OPINION AND
ORDER RE:  MOTIONS FOR
SUMMARY JUDGMENT

BEFORE THE COURT are Cross-Motions for Summary Judgment.  (ECF
NO. 16 & 17).  Plaintiff is represented by attorney **D. James Tree**.  Defendant is
represented by Assistant United States Attorney **Pamela J. DeRusha** and Special
Assistant United States Attorney **John C. Lamont**.  This matter was previously
before Magistrate Judge John T. Rodgers.  It was reassigned to the undersigned for
all further proceedings on April 24, 2014.  The court has reviewed the
administrative record and the parties' briefs.  The case was submitted for decision
without oral argument via Order of this court on April 29, 2014.

    This court's role on review of the decision of the Administrative Law Judge
(ALJ) is limited.  The court reviews that decision to determine if it was supported
by substantial evidence and contains a correct application of the law.  *Valentine v.
Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).  This court is
obligated to affirm the ALJ's findings if they are supported by substantial
evidence and the reasonable inferences to be drawn therefrom.  *Molina v. Astrue*,
674 F.3d 1104, 1110-11 (9th Cir. 2012).  Substantial evidence is such relevant
evidence that a reasonable mind might accept as adequate to support the

conclusion.

## I.  JURISDICTION/PROCEDURAL HISTORY

Plaintiff, Ryan Magana-Scott (herein "Plaintiff" or "Claimant"), applied for disability insurance benefits and supplemental security income on April 6, 2010, when he was 33 years-old.  Plaintiff's claims were denied initially and upon reconsideration.  Plaintiff requested a hearing and a hearing was held before Administrative Law Judge James Sherry on March 28, 2012. (Transcript of hearing at ECF No. 13-2, p. 47-87).  On April 20, 2012, the ALJ issued an opinion denying benefits. (ECF No. 13-2 at 21).  Plaintiff appealed that decision to the Appeals Council and on June 27, 2013, the Appeals Council denied review. (*Id*. at 1). The decision of the ALJ became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed the instant action on August 27, 2013.

## II.  SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act also provides that a claimant shall be determined to be under a disability only if the impairments are of such severity that the claimant is not only unable to do his previous work but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987):

Step 1: Is the claimant engaged in substantial gainful activities?  20 C.F.R.

§§ 404.1520(b), 416.920(b).  If he is, benefits are denied.  If he is not, the decision maker proceeds to step two.

Step 2: Does the claimant have a medically severe impairment or combination of impairments?  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.  If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity?  20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404 Subpt. P App. 1.  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.  If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Step 4: Does the impairment prevent the claimant from performing work he has performed in the past?  20 C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant is able to perform his previous work, he is not disabled.  If the claimant cannot perform this work, the inquiry proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of his age, education and work experience?  20 C.F.R. §§ 404.1520(f), 416.920(f).

The initial burden of proof rests upon the Plaintiff to establish a prima facie case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971).  The initial burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation.  The burden then shifts to the Commissioner to show (1) that the claimant can perform other substantial gainful activity and (2) that a "significant number of jobs exist in the national economy" which claimant can perform.  *Kail*

*v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

### III.  STANDARD OF REVIEW

"The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the [Commissioner] applied the proper legal standards." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance.  *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner.  *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).  This court may set aside a denial of benefits only if the basis for denial is not supported by substantial evidence or if it is based on legal error. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is the role of the trier of fact, not this court, to resolve conflicts in the evidence. *Richardson*, 402 U.S. at 400.  If the evidence supports more than one rational interpretation, the court must uphold the decision of the ALJ. *Thomas*, 278 F.3d at 954 (9th Cir. 2002).

### IV.  STATEMENT OF FACTS

The facts are contained in the medical records, administrative transcript, and the ALJ's decision, and are only briefly summarized here.  At the time the ALJ issued his decision in 2012, Plaintiff was 35 years-old.  Plaintiff has a high school education.  Plaintiff's past work history includes working in an auto wrecking yard, work at a tire store, work as a tow truck driver, and work at a Safeway deli counter.  Plaintiff alleged disability primarily based on hearing loss, lower back

pain, and learning disability.  Plaintiff is currently unmarried and has no children.

## V.  COMMISSIONER'S FINDINGS

The ALJ found at **Step 1** that Plaintiff had not engaged in substantial gainful activity since April 15, 2009, the alleged onset date. (ECF No. 13-2, p. 23). Plaintiff did work for a portion of 2009, earning over $7,000.00. (ECF No. 13, p. 144).

At **Step 2**, the ALJ found the medical evidence established the following severe impairments: lumbar degenerative disc disease; right shoulder pain with possible impingement; chronic rotator cuff tear; hearing loss; borderline intellectual functioning; depressive disorder; and anxiety disorder. (ECF No. 13-2, p. 23).

At **Step 3**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the Listings as described in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d)) . The ALJ specifically considered sections 1.02, 1.04, 12.02, 12.04, 12.05, and 12.06 pertaining to Claimant's possible shoulder impingement, degenerative disc disease, and mental disorders.

At **Step 4**, the ALJ evaluated Plaintiff's residual functional capacity (RFC) and found Plaintiff had the RFC to perform medium work with some additional limitations.  The RFC contained additional limitations to account for Plaintiff's hearing loss and mental impairments. (ECF No. 13-2, p. 27).  The ALJ then concluded that Plaintiff was capable of performing his past relevant work as a deli clerk and grocery bagger.

At **Step 5** the ALJ made the alternative finding, relying on the testimony of a vocational expert, that Plaintiff was capable of performing other work that exists in significant numbers in the national economy.  Specifically, the ALJ found that Plaintiff could perform the jobs of kitchen helper and laundry worker. (ECF No. 13-2, p. 35).

\

The ALJ concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from the alleged onset date of April 15, 2009, through the date of the decision, April 20, 2012.

### VI. ISSUES

Plaintiff's briefing identifies four issues for review: 1) did the ALJ commit reversible error by omitting Dr. Kester's opinion from his decision; 2) did the ALJ err by finding Plaintiff not credible; 3) did the ALJ err by rejecting the opinion of examining physician Dr. Ho; and 4) did the ALJ err by considering Plaintiff's activities of daily living (ECF No. 16, p. 9).  The Defendant's brief frames the issues as only two: 1) Plaintiff's credibility, and 2) ALJ's consideration of medical evidence and Residual Functional Capacity ("RFC") assessment.  The court will address the issues as presented by the Plaintiff.

### VII. DISCUSSION

A. **Did the ALJ Err in Failing to Consider Dr. Kester's Opinion**?

Plaintiff argues that the ALJ failed to consider Dr. Kester's opinion. Plaintiff states that the ALJ was required to consider 10 moderate functional limitations marked on the check-box portion of the Mental Residual Functional Capacity Assessment. (ECF No. 13, p. 425-27).  There are numerous problems with this argument.  First, Dr. Kester's report was completed on March 18, 2008, over one year prior to the alleged disability onset date of April 15, 2009.  Thus, the report is of marginal, if any, relevance. *Carmickle v. Commissioner*, 533 F.3d 1155, 1165 (9th Cir. 2008)("Medical opinions that predate the alleged onset of disability are of limited relevance.").

Second, Dr. Kester's report was made at the time of a prior application for benefits.  By letter dated March 19, 2008 (ECF No. 13, p. 97), Plaintiff was informed that his prior application was denied, and he did not seek further review.

Third, although Dr. Kester checked 10 boxes indicating "moderately

limited", he also checked 10 boxes as "not significantly limited" and his written conclusions do not support a finding of disability. (ECF No. 13, p. 425-27). Dr. Kester did not find that Plaintiff met the Listings for any mental disorder. (*Id*. at 429-442). Dr. Kester wrote that although Plaintiff's IQ scores were low, "his level of adaptive function is much higher" and that Plaintiff's "actual intelligence is higher". (*Id.* at 433).

Fourth, the ALJ clearly did not ignore Dr. Kester's report. Claimant's attorney asked questions about Dr. Kester's report and directed the ALJ to it at Exhibit 11F. (ECF No. 13-2, p. 81). The ALJ then referenced the report again, and told Claimant's counsel he could disagree with his reading of the report, but that the ALJ was "looking at it right here". (Id. at 83-84).[1] The ALJ asked the vocational expert follow up questions concerning the report.

The ALJ need not specifically discuss every piece of evidence in his written opinion. See <u>Roberts v. Commissioner</u>, 434 Fed.Appx. 657 (9th Cir. 2011)("While the ALJ may have erred by failing to mention the treatment notes of Drs. Coelho, Parvin, and Saunders...any such error was harmless..."). An error is harmless, if it is inconsequential to the ultimate nondisability determination. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). There was no error here. The ALJ did not discuss Dr. Kester's report in his written opinion, but Kester's report predated the alleged onset date by over a year, Kester's report was from the record of a prior nondisability determination in which Claimant did not seek review, and it is clear from the record that the ALJ considered Dr. Kester's report at the hearing.

## B. **Did the ALJ Err in Assessing Plaintiff's Credibility?**

The ALJ found that Plaintiff's medically determinable impairments could be expected to produce some of the alleged symptoms, but that he was not fully credible. (ECF No. 13, p. 28). The ALJ then gave several reasons for his

---

[1]The hearing reporter indicated a phonetic spelling of "Dr. Casher's" report.

1   credibility determination.

2          In deciding whether to accept a claimant's subjective symptom testimony,

3   the ALJ "must perform two stages of analysis: the *Cotton* analysis and an analysis

4   of the credibility of the claimant's testimony regarding the severity of her

5   symptoms." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).  The *Cotton*

6   analysis comes from the Ninth Circuit's opinion in *Cotton v. Bowen*, 799 F.2d

7   1403 (9th Cir. 1986), and thereunder the claimant must: 1) produce objective

8   medical evidence of an impairment or impairments; and 2) show that the

9   impairment or combination of impairments could reasonably be expected to

10  produce some degree of symptom. *Smolen*, 80 F.3d at 1281-82.  If a claimant

11  meets the *Cotton* test, then the ALJ may reject the claimant's testimony regarding

12  the severity of symptoms only based on specific, clear, and convincing reasons. *Id*.

13  at 1284.

14         The ALJ noted that Dr. Ho had observed that Plaintiff did not appear to put

15  forth adequate effort during his examination. (ECF No. 13-2, p. 28).  Additionally

16  Dr. Ho found positive Waddell's signs on two tests.[2]  The ALJ found this was

17  suggestive of exaggeration of symptoms. (*Id.*).

18         The ALJ further described that Dr. Dougherty had made a finding of

19  "probable malingering". (*Id.*).  The ALJ also observed that both Dr. Mee and Dr.

20  Scottolini believed that Plaintiff was malingering. (*Id*. at 31-32).  Dr. Mee further

21  thought that Plaintiff's work history indicated greater functional abilities. (*Id*. at

22  31).

23         The ALJ made a thorough assessment of Plaintiff's credibility, concluding:

24         Overall, the limitations reported by the claimant are inconsistent with the

25

26         [2]The Ninth Circuit has stated that the Waddell test "does not
    by itself constitute affirmative evidence of malingering," rather
27  the test "establishes five signs of nonorganic sources of lower
    back pain and does not distinguish between malingering and
28  psychological conditions." *Wick v. Barnhart*, 173 Fed.Appx. 597,
    598 (9th Cir. 2006).

claimant's testimony, activities of daily living, and objective findings in the medical record. In addition, I find that there is evidence of malingering, evidence of exaggeration, and numerous inconsistencies. Based on such affirmative evidence of malingering, and symptom exaggeration, I find that the claimant's statements are not credible. (ECF No. 13-2, p. 28).

The ALJ's determination is supported by substantial evidence of record. Dr. Dougherty performed a psychological evaluation on December 9, 2010. She wrote the Plaintiff described his pain as a 9.5 out of 10, but such "was not evident during this interview and testing." (ECF No. 13, p. 536). She noted "discrepancies" between Plaintiff's self-report in 2008 when she had examined him, and the 2010 examination. (*Id.* at 540). She felt he was "attempting to do quite poorly" on the tests she administered, and concluded that "multiple indicators of potential malingering suggest that malingering is quite likely." (*Id.* at 543).

Dr. Mee, in reviewing Plaintiff's medical records, viewed his score on the Test of Memory Malingering (TOMM), which had been administered by Dr. Dougherty, as "only possible with active malingering, not just a lack of effort." (ECF No. 13, p. 575). Dr. Scottolini wrote that Plaintiff's symptoms were not fully consistent with the objective medical evidence. He further concluded in his Physical RFC assessment that Claimant had "exaggerated the severity, persistence, and funct. impact of his symptoms; in addition the xr [x-ray] findings are mild and can't possibly account for his symptomology." (*Id.* at 588).

When a claimant is found to be malingering, or exaggerating symptoms, such is a sufficient reason for finding the claimant not credible. "Affirmative evidence of malingering supports an adverse credibility finding." *Merillat v. Commissioner*, 350 Fed.Appx. 163, 166 (9th Cir. 2009) <u>citing</u> *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). Further a claimant's efforts to impede accurate testing as to a claimant's limitations can support a finding of lack of credibility. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). The record contains affirmative evidence of malingering. Dr. Ho found Plaintiff's test results suggestive of symptom exaggeration. Dr. Dougherty found "probable

malingering".  Dr. Mee interpreted test results as "active malingering," and Dr. Scottolini found Plaintiff was exaggerating symptoms.  Additionally, the ALJ found the limitations reported by Plaintiff to be inconsistent with the objective medical evidence and his activities of daily living.  The ALJ's credibility assessment is supported by substantial evidence.

C.  **Did the ALJ Err in Weighing the Opinion of Dr. Ho**?

Plaintiff argues that the ALJ did not give sufficient weight to the opinion of examining physician Dr. Ho, especially her conclusion that he should be limited to lifting and carrying 20 pounds occasionally and 10 pounds frequently. (ECF No. 16, p. 17).  Plaintiff admits that this opinion was contradicted by the opinion of Dr. Scottolini, but contends that the ALJ did not offer specific and legitimate reasons for rejecting Dr. Ho's assessment, in favor of Dr. Scottolini's.

In weighing medical source opinions in Social Security cases, the Ninth Circuit distinguishes among three types of physicians: 1) treating physicians, who actually treat the claimant; 2) examining physicians, who examine but do not treat the claimant; and 3) non-examining physicians, who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  Generally, more weight is given to the opinion of the treating physician than to the opinions of non-treating physicians. *Id.*  If a treating physician's opinion is uncontradicted, it may be rejected only for clear and convincing reasons, and if it is contradicted, it may be rejected for specific and legitimate reasons supported by substantial evidence in the record. *Id.*

The ALJ's consideration of Dr. Ho's opinion was thorough.  The ALJ noted that Dr. Ho had observed during examination that Plaintiff did not appear to put forth adequate effort and that she had also observed positive Waddell signs which could suggest symptom exaggeration. (ECF No. 13-2, p. 28).  The ALJ further noted that Dr. Ho's report stated Plaintiff's upper body strength was normal without evidence of shoulder joint restriction. (*Id.* at 30).  The ALJ therefore

found the weight restriction inconsistent with the objective findings: "This part of Dr. Ho's opinion [the weight limitation] is neither consistent with nor supported by the clinical findings from her own examination.  Due to this notable inconsistency, very little weight can be given to this part of Dr. Ho's opinion." (*Id*.).

The ALJ has given specific and legitimate reasons for his consideration of Dr. Ho's opinions, and those reasons are supported by substantial evidence of record.  Plaintiff has not demonstrated the ALJ erred, but rather just argues for a re-weighing of the evidence.  It is the role of the ALJ to assess credibility and weigh the evidence, "[w]here the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

### D.  **Did the ALJ Err in Evaluating Plaintiff's Activities of Daily Living?**

Plaintiff argues that the ALJ placed undue emphasis upon his ability to engage in activities of daily living ("ADL") in denying his claim.  The fact that Plaintiff can partake in daily activities is not determinative of disability. *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989).  However, the ability to participate in such activities is relevant to Plaintiff's credibility to the extent that the level of activity is in fact inconsistent with the claimed limitations. See *Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1990)(claimant's ability "to take care of her personal needs, prepare easy meals, do light housework, and shop for some groceries...may be seen as inconsistent with the presence of a condition which would preclude all work activity.")

The ALJ did not conclude that Plaintiff was not disabled merely because he could engage in some ADL.  The ALJ noted that in considering ADL, Plaintiff had "mild restriction" and had informed Dr. Ho he could "perform routines of personal care, shop, drive, cook simple meals, and engage in some light housework." (ECF No. 13-2, p. 25).  The ALJ noted that other physicians, such as Dr. Rubin,

similarly noted that Plaintiff was able to independently complete ADL such as shopping, driving, cooking, cleaning, etc.  Dr. Mee, a psychologist, also noted that Plaintiff engaged in numerous social activities with friends and family. (ECF No. 13-2, p. 31).  The ALJ also observed that Plaintiff had told Ms. Campbell, LMHC, that he was involved in family gardening, pruning trees, weeding, liked to spend time with his girlfriend and her son, and race his car on the speedway. (*Id.* at 33).

The ALJ stated that, "overall, the limitations reported by the claimant are inconsistent with the claimant's testimony, activities of daily living, and objective findings in the medical record." (*Id.* at 28).  The ALJ considered the ADL as part of his credibility determination, which in combination with the evidence of malingering, discussed *supra*, informed the ALJ's conclusion that Plaintiff was not fully credible.  Not only was Plaintiff active in more routine aspects of ADL, he also was active in sports and physical exercise.  At a January 28, 2009, office visit with Dr. Lindgren for his shoulder pain, Claimant reported working out at the gym, denied being in any pain, and Lindgren wrote that Claimant would likely not need any further physical therapy. (ECF No. 13, p. 512-513).  Similarly, Dr. Capp's discharge letter from physical therapy stated that Plaintiff was doing "extremely well", no complaints of pain, working out at the gym, and had "returned to playing indoor soccer symptom-free". (ECF No. 13, p. 487).  The ALJ's determination is supported by the record.

## VIII. CONCLUSION

The Commissioner's and ALJ's decision is supported by substantial evidence in the record and is based on proper legal standards. It must therefore be affirmed.  *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 16) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 17) is **GRANTED.**

ORDER – 12

1      3.  The Clerk is directed to enter Judgment dismissing the Complaint and
2 the claims therein with prejudice.
3      **IT IS SO ORDERED**.  The District Court Executive is directed to file this
4 Order, enter Judgment as directed above, and close this file.
5      DATED this 12th day of May, 2014.
6                        s/ Justin L. Quackenbush
                        JUSTIN L. QUACKENBUSH
7            SENIOR UNITED STATES DISTRICT JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28